[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 592.]

OFFICE OF DISCIPLINARY COUNSEL *v.* BALDWIN.

[Cite as *Disciplinary Counsel v. Baldwin*, 1996-Ohio-246.]

*Attorneys at law—Misconduct—Public reprimand—Acquiring a proprietary interest in cause or subject of client litigation.*

(No. 95-2529—Submitted January 24, 1996—Decided February 28, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-59B.

―――――――――――

{¶ 1} In a single-count complaint filed on June 27, 1995, relator, Office of Disciplinary Counsel, charged respondent, Steven R. Baldwin of Zanesville, Ohio, Attorney Registration No. 0004777, with a violation of DR 5-103(A) (acquiring a proprietary interest in cause or subject of client litigation). In a stipulation filed that same day, respondent admitted every allegation in relator's complaint. The parties stipulated that respondent and his counsel cooperated fully with relator's investigation. Further, as a result of negotiations between respondent and new counsel for his former client, his client ultimately received a net benefit as a result of respondent's violation.

{¶ 2} On October 19, 1995, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court held a hearing on the matter. The complaint, stipulations, and evidence established that respondent was admitted to the Ohio Bar in 1983 and practices in Zanesville. In April 1988, respondent represented Ivor M. Rusk, Jr. ("Rusk"), who owned a partial interest in real estate on Orchard Street in Zanesville. Various creditors of Rusk had secured liens against Rusk's interest in this real estate. That month, Rusk filed for partition of the Orchard property so that debts could be paid from the sale proceeds. Rusk secured other counsel to actively handle the partition litigation, but respondent was

co-counsel in that partition action. The total time respondent expended in that partition action involved less than two and one-half hours.

{¶ 3} On three separate occasions, the Orchard property was offered for sale at public auction, but not sold. At the fourth auction, respondent purchased the property. Subsequently, respondent secured financing and, following improvements, leased the property to the county for ten years. In fact, respondent had shown the property to county officials before the sale to determine whether the property might be suitable for county needs.

{¶ 4} When respondent purchased the property, he still represented Rusk, but he never advised his client, or the other cotenants, that he was bidding on the property or that the county might be interested in leasing the property. In November 1992, over two years after the sale, Rusk, through new counsel, demanded that respondent deed the property and assign the county lease to Rusk. In May 1993, through an agreement, respondent transferred the property and assigned the county's lease to a corporation designated by Rusk. In return, respondent was to receive twenty-five percent of the monthly rentals for five years as a finder's fee. In an affidavit, Rusk asserted that he thought respondent was negligent. Rusk, however, believed that "at no time" did respondent "willfully or deliberately act to consciously cause me harm or financial detriment" by his purchase of the Orchard street property.

{¶ 5} The panel concluded that respondent violated DR 5-103(A) when he acquired a proprietary interest in property that was the subject of his client's litigation without informing his client of this interest. In mitigation, the panel considered a joint letter from the presiding common pleas judge and a retired judge declaring respondent "to be honest, competent and, above all else, ethical in his conduct as a lawyer." Further, an assistant prosecuting attorney described respondent as a "man of high morals, integrity and honesty" both professionally

and personally. A fellow attorney also wrote favorably of respondent's integrity and professionalism.

**{¶ 6}** Relator recommended that respondent be publicly reprimanded, and the panel agreed. The board adopted the panel's findings of fact, conclusions of law, and recommendation.

––––––––––––––––––

*Geoffrey Stern*, Disciplinary Counsel, and *Harald F. Craig III*, Assistant Disciplinary Counsel, for relator.

*Frank J. Micheli*, for respondent.

––––––––––––––––––

***Per Curiam.***

**{¶ 7}** We agree with the board's findings and recommendation. Accordingly, respondent is hereby publicly reprimanded. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

––––––––––––––––––